Rea E. Warner v. Commissioner.
Warner v. Commissioner
Docket No. 10078.
United States Tax Court
1947 Tax Ct. Memo LEXIS 191; 6 T.C.M. (CCH) 582; T.C.M. (RIA) 47144; May 29, 1947
*191 Theodore R. Kupferman, Esq., for the petitioner. Ellyne E. Strickland, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $17,856.41 in the income tax of the petitioner for the calendar year 1941. The only issue for decision is whether the Commissioner erred in disallowing losses resulting from the sale of a family residence of the petitioner and her husband. Findings of Fact The petitioner filed her separate income tax return for the calendar year 1941 with the collector of internal revenue for the third district of New York. She is the wife of Harry M. Warner. The petitioner, her husband, and their family resided for a number of years prior to May 1937 on California Road, Mount Vernon, Westchester County, New York. Their residence property consisted of about 20 acres, improved with a main dwelling house having 39 rooms, including eight master bedrooms and baths, a billiard room, bowling alley and moving picture theatre, gardener's cottage, stables, five-car garage, glass house, and miscellaneous subsidiary outbuildings. The property was owned by a family corporation until December 16, 1937, when *192 it was conveyed to the petitioner, the sole stockholder of the corporation. The petitioner and her husband moved to California on May 5, 1937, and established a residence there where they have continued to reside. They had no intention to return to New York to reside at the time they left. The parties have stipulated that they abandoned as a residence the property in Mount Vernon, New York, but the stipulation gives no date for that abandonment. Household furnishings and other personal belongins of the Warners were removed from the property and shipped to California, some in the latter part of 1937 and some in 1938. A room or rooms, occupied by the petitioner's son, who had recently died, were dismantled in their entirety and the contents moved to California. *
Efforts were made to sell the Mount Vernon property in the fall of 1937 and thereafter. A decision was reached in February 1938 to place the property on the market for sale or lease. Signs were erected on the property advertising it for sale or rent, and it was listed with real estate brokers and sales agents operating in the vicinity in 1938. *193 The cost of the property to the petitioner was in excess of $120,000 and its fair market value on December 20, 1937 was $120,000 allocated equally between land and buildings. It then had a remaining life of 33 1/3 years. The buildings on the property were not changed or remodeled during the period from May 5, 1937 to November 6, 1941. Efforts to lease the property were unsuccessful. The petitioner made application in July 1940 to change the zoning ordinance applicable to the property so that it could be used for a hospital or business offices. She paid a fee in connection therewith. The application was denied in October 1940. The petitioner sold the property for $55,000 on November 6, 1941. The Commissioner, in determining the deficiency, restored to income $35,000 and $107,565.10 as losses disallowed. He explained: "It is held that the alleged losses of $70,000.00 (of which $35,000.00 is deducted as a capital loss) and $107,565.10 (deducted as an ordinary loss) in your return for the year 1941 as resulting from the sale of a parcel of land located at California and Brookfield Roads, Mount Vernon, New York and the house and other buildings contained thereon, do not constitute *194 allowable deduction from your gross income for that year. Said alleged losses were not incurred in a trade or business or in connection with a transaction entered into for profit and, furthermore, the bases and amounts of such losses have not been substantiated. Accordingly, the losses of $35,000.00 and $107,565.10 deducted in your return are disallowed." The stipulation of facts is incorporated herein by this reference. Opinion MURDOCK, Judge: The petitioner argues strenuously that an actual renting is not necessary to show that residential property has been converted and committed to a transaction entered into for profit. She points to the various facts in the case to show that the property was abandoned for residential purposes and was committed to business purposes in 1937. Arguments similar to these have been considered in prior cases and, despite their force, have been rejected. , certiorari denied ; , certiorari denied ; ; ; *195 Phipps v. Helvering, 124 Fed. ( 2d) 292; . It has been stipulated that the Commissioner has allowed the petitioner deductions for depreciation and for care and maintenance of the property during the period that it was idle. Those deductions, however, were allowed upon the theory that the property was held for the production of income. The action of the Commissioner in allowing those deductions is not inconsistent with his action in the present case. . Furthermore, even if the allowance of those deductions were inconsistent with his present action in disallowing the losses, that circumstance would lead nowhere because the question would still remain whether he erred in allowing those deductions or whether he erred in failing to allow the losses in the present case. Decision will be entered for the respondent. Footnotes
*. This sentence is as amended by Tax Court order dated June 17, 1947.↩